**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TIANQI PENG,

*Petitioner*,

v.

LUIS SOTO *et al.*,

*Respondents*.

Civil Action No. 26-14401

**ORDER**

November 20, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Tianqi Peng ("Petitioner") (ECF No. 1), Respondents' Expedited Response (ECF No. 6), and Petitioner's Reply (ECF No. 7.). Petitioner challenges the statutory authority for his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF Nos. 1, 7.) Having considered the parties' submissions, the Court concludes that Respondents have not established a lawful basis for Petitioner's arrest and continued detention.

A federal court may grant habeas relief when a petitioner establishes that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus has long been available to noncitizens challenging the legality of their immigration detention. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

Respondents maintain that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 6 at 1.) That provision authorizes the arrest and detention of a noncitizen pending a decision on removability "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). The implementing regulation provides that a noncitizen may be arrested and taken into custody under

the authority of Form I-200 "at the time of issuance of the notice to appear, or at any time thereafter." 8 C.F.R. § 236.1(b)(1). Accordingly, the regulation ties the execution of an administrative arrest warrant under § 1226(a) to the issuance of the Notice to Appear ("NTA").

Here, the record reflects that ICE electronically signed the Form I-200 administrative warrant on October 30, 2026, and arrested Petitioner on October 31, 2026. (ECF No. 6-3.) The NTA, however, was issued on October 31, 2026, after the administrative warrant was signed. (ECF No. 6-1.) Respondents have not identified a basis for concluding that the Form I-200 authorized Petitioner's arrest under § 1226(a) notwithstanding that sequence. (*See* ECF No. 6.) The Court therefore finds that the warrant did not authorize Petitioner's arrest under the governing regulation. *See Gu v. Soto*, No. CV 26-10289 (SDW), 2026 WL 2941309, at *2–3 (D.N.J. Sept. 30, 2026) (concluding that an administrative warrant issued before the NTA could not be executed under 8 C.F.R. § 236.1(b)(1)).

The Court recognizes that immigration officers possess limited statutory authority to make warrantless arrests. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest a noncitizen without a warrant where the officer has reason to believe that the noncitizen is unlawfully present and "is likely to escape before a warrant can be obtained." That authority is distinct from the warrant-based authority invoked by Respondents under § 1226(a). Respondents, however, have not relied on § 1357(a)(2), nor have they established that the statutory requirements for a warrantless arrest were satisfied here. (*See* ECF No. 6.) Indeed, ICE had already obtained an administrative warrant the night before Petitioner's arrest. (ECF No. 6-3.) On this record, the Court has no basis to conclude that Petitioner was likely to escape before a warrant could be obtained.

The Court declines to supply an alternative justification for Petitioner's detention that

Respondents have not advanced. In our adversarial system, courts generally rely on the parties to frame the issues and serve as neutral arbiters of the matters presented. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008); *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020). Although that principle is not absolute, the Court will not construct an unasserted factual and legal defense on Respondents' behalf. *See Gu*, slip op. at *2 (declining to consider § 1357(a)(2) where the Government had not invoked that provision or established its applicability).

The Court is mindful that Congress has afforded the Executive Branch substantial authority over immigration detention. *See Demore v. Kim*, 538 U.S. 510, 523 (2003). That authority, however, must be exercised within the limits established by Congress and the governing regulations. The Third Circuit has likewise recognized that immigration detention remains subject to statutory and constitutional constraints. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–34 (3d Cir. 2011); *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 472–73 (3d Cir. 2015). Because Respondents have not demonstrated that Petitioner's arrest and continued detention are authorized under § 1226(a), or established an independent statutory basis for the arrest, Petitioner is in custody in violation of federal law.

Accordingly, for the reasons stated above, and for good cause shown;

**IT IS** on this 20th day of November 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED.** Respondents shall **RELEASE** Petitioner from immigration custody **within 24 hours** of the entry of this Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**Hon. Karen M. Williams,**
**United States District Judge**